1
2
3
4
5

BENJAMIN B. WAGNER
United States Attorney
WILLIAM S. WONG
JASON HITT
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

6

Attorneys for the United States

7

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA,

12

Plaintiff,

13

v.

14

APPROXIMATELY $7,573.00 IN U.S.
CURRENCY,

15

16

1991 MERCEDES 500SL,
VIN: WDBFA66E7MF036394, LICENSE
NUMBER: 3LKE699,

17

18

1993 FORD EXPLORER XLT,
VIN: 1FMDU34X7PUA50181, LICENSE
NUMBER: 3NIU965, and

19

20

MISCELLANEOUS ELECTRONIC
EQUIPMENT,

21

Defendants.

2:14-MC-00027-WBS-AC

CONSENT JUDGMENT OF
FORFEITURE

22

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

23

1.      On April 11, 1996, the Federal Bureau of Investigation ("FBI") seized

24

Approximately $7,573.00 in U.S. Currency; 1991 Mercedes 500SL, VIN:

25

WDBFA66E7MF036394, License Number: 3LKE699; 1993 Ford Explorer XLT,

26

VIN: 1FMDU34X7PUA50181, License Number: 3NIU965; and Miscellaneous Electronic

27

Equipment (the "defendant assets").

28

1

Consent Judgment of Forfeiture

2.     The FBI commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On August 26, 1996 and October 18, 1996, Linda Chan filed claims to the defendant assets and submitted cost bonds to the FBI pursuant to 19 U.S.C. §§ 1607 and 1608.

3.     An Indictment was filed on August 2, 1996 in *United States v. John That Luong, et al.*, 2:96-CR-00350-WBS, charging Mady Chan, Linda Chan, and others with violations of 18 U.S.C. § 1956(h) - conspiracy to launder monetary instruments; 18 U.S.C. § 1956(a)(1)(B)(i) and (ii) - laundering of monetary instruments; and 18 U.S.C. § 1957(a) - engaging in monetary transactions in property derived from specified unlawful activity. On July 10, 1998, a Superseding Indictment was filed charging Mady Chan, Linda Chan, and others with violations of 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(B)(i) and (ii), and 18 U.S.C. § 1957(a).

4.     The United States represents that it could show at a forfeiture trial that Mady Chan and Linda Chan conspired with others to launder monetary instruments from approximately June 1994 to August 1996 using the proceeds of specified unlawful activity, specifically, proceeds from microchip robberies and illegal drug sales. In addition, Mady Chan and Linda Chan conducted financial transactions affecting interstate commerce with proceeds obtained from these two sources, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds[1]. The defendant assets were involved in or are traceable to violations of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) and (ii), and 1957(a).

5.     The United States could further show at a forfeiture trial that the defendant assets are forfeitable to the United States pursuant to 18 U.S.C §§ 981(a)(1)(A) and (a)(1)(C).

6.     Without admitting the truth of the factual assertions contained above, Mady Chan and Linda Chan aka Linda Luong specifically denying the same, and for the

---

[1] A further factual basis is attached to the plea agreement of Mady Chan, 2:96-CR-00350-WBS.

Consent Judgment of Forfeiture

purpose of reaching an amicable resolution and compromise of this matter, Mady Chan and Linda Chan aka Linda Luong agree that an adequate factual basis exists to support forfeiture of the defendant assets. Mady Chan and Linda Chan aka Linda Luong acknowledged that they are the sole owners of the defendant assets, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant assets, Mady Chan and Linda Chan aka Linda Luong shall hold harmless and indemnify the United States, as set forth below.

7.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant assets were seized.

9.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11.     All right, title and interest in defendant Approximately $7,573.00 in U.S. Currency, together with any interest that may have accrued; 1991 Mercedes 500SL, VIN: WDBFA66E7MF036394, License Number: 3LKE699; 1993 Ford Explorer XLT, VIN: 1FMDU34X7PUA50181, License Number: 3NIU965; and Miscellaneous Electronic Equipment shall be forfeited to the United States pursuant to 18 U.S.C §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

12.     The cost bonds submitted by Linda Chan shall be forfeited to the United States, to be disposed of according to law.

13.    The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Mady Chan and Linda Chan aka Linda Luong waived the provisions of California Civil Code § 1542.

14.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15.    All parties will bear their own costs and attorneys' fees.

<u>CERTIFICATE OF REASONABLE CAUSE</u>

16.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant assets.

IT IS SO ORDERED.

Dated:  March 5, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture